UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTINA RIEMER,

    Plaintiff,

v.

ANESTHESIA ASSOCIATES OF TOPEKA, P.A.
and BUTLER & ASSOCIATES, P.A.,

    Defendants.

Case No. 25-2531-EFM-BGS

# MEMORANDUM AND ORDER GRANTING
# MOTION TO AMEND

This matter comes before the Court on Plaintiff Christina Riemer's Motion for Leave to Amend Pleading. Doc. 53. Plaintiff seeks to amend the operative complaint to expand and clarify the factual allegations supporting her existing claims—particularly under the FDCPA and KCPA—and conform the pleading to evidence disclosed after the original complaint was filed. *See* Doc. 53. Defendant Anesthesia Associates of Topeka, P.A. and Butler & Associates, P.A. oppose the motion, primarily arguing that the proposed amended complaint improperly adds new causes of action, contains immaterial and prejudicial allegations, and should be denied—or, alternatively, stayed or limited—pending resolution of their motions to dismiss. Docs. 57-58. For the reasons stated herein, the motion is **GRANTED**.[1]

## I. Background

The following facts come from Plaintiff's proposed amended complaint. *See generally* Doc. 53-1. This case arises from a debt-collection action that Defendants initiated against the wrong person and continued to prosecute after being placed on notice of their error. Plaintiff Christina

---

[1] Although a reply deadline remains open, the Court concludes that additional briefing would not assist its analysis or affect the outcome.

1

Riemer is a Wisconsin resident who has never lived in Kansas, has never received medical services from Defendant Anesthesia Associates of Topeka, P.A. ("AAT"), and had no knowledge of the alleged debt until she was served with a Kansas state-court collection lawsuit in the spring of 2025. *See id.* ¶¶ 2, 11, 44.

The underlying debt stemmed from medical services provided by AAT in Topeka following an automobile accident involving a Colorado resident. *Id.* ¶¶ 9-10. The services were not rendered to Plaintiff, nor to anyone associated with her. Nonetheless, on February 11, 2025, AAT—through its retained debt-collection counsel, Defendant Butler & Associates, P.A. ("Butler")—filed a Chapter 61 debt-collection petition in Kansas state court naming "Christina Vogel" as the defendant. *Id.* ¶¶ 1, 14. The petition alleged that the defendant owed $1,260 in principal and an additional $326.91 in "interest," but it included almost no identifying or transactional detail beyond that assertion. *Id.* ¶ 12.

Defendants initially attempted service by certified mail at a Denver, Colorado address. That attempt failed. Rather than reassessing the identity of the debtor after the failed Colorado service, Defendants next directed service to a "Christina Vogel" at a residential address in West Bend, Wisconsin—Plaintiff's home. *Id.* ¶¶ 16-18. Plaintiff was served on or about April 4, 2025. *Id.* ¶ 22. This was her first notice of any alleged debt or collection activity. Within days of being served, Plaintiff contacted Butler directly. *Id.* ¶ 23. During that conversation, she explained that Defendants had sued the wrong person. She provided her address and date of birth for identification purposes. Butler, in turn, asked whether Plaintiff had ever lived in Colorado or was associated with a child named Isaiah Schultz—facts that corresponded to the actual debtor and the underlying accident. *Id.* ¶¶ 24-26. Plaintiff answered both questions in the negative. Butler also disclosed the last four digits of the Social Security number associated with the account; Plaintiff confirmed that those digits did not match her own. *Id.* ¶ 27.

2

Despite this conflicting information—and despite Plaintiff's denial that she was the debtor—Butler informed her that the lawsuit would proceed. *Id.* ¶¶ 23-31. On the same day, Plaintiff submitted a written dispute through Butler's online dispute portal, reiterating that she did not owe the debt and had no connection to the underlying transaction. *Id.* ¶¶ 29-30. Butler did not respond to that written dispute, nor did it provide validation of the debt. Instead, the lawsuit remained pending. During this period, Defendants possessed—or had access to—information that would have revealed their mistake with minimal effort. Nevertheless, Defendants did not withdraw the suit or meaningfully investigate Plaintiff's dispute. It was not until approximately 48 days after Plaintiff's April 15, 2025 dispute—after she had retained counsel and asserted counterclaims—that Defendants moved to quash the summons and later dismissed the collection action without prejudice. *Id.* ¶ 37-38.

Plaintiff alleges that Defendants' conduct caused her to incur attorneys' fees defending a baseless lawsuit, as well as emotional distress stemming from the threat of litigation, concern over her financial reputation, and the stress of being pursued for a debt she did not owe. She further alleges that Defendants' attempt to collect "interest" on the alleged medical debt lacked any contractual or legal basis and reflected broader deficiencies in their collection practices.

Based on the foregoing allegations, Plaintiff filed this action on September 11, 2025. *See* Doc. 1. On October 20, 2025, Defendants AAT and Butler jointly moved to dismiss the Complaint under Rule 12(b)(6) seeking dismissal of all counts asserted against them. *See* Doc. 5. They primarily argue that Plaintiff was not the intended defendant in the underlying state-court collection action, that any service on her was inadvertent and promptly remedied, and that the Complaint alleges only conclusory facts insufficient to establish liability under the KCPA, FDCPA, or Kansas common law.

On November 12, 2025, Defendant AAT filed a second motion to dismiss seeking dismissal only of Count I. Doc. 12. In that motion, AAT argues that Plaintiff lacks standing to assert a

3

KCPA claim because she was not a party to the underlying consumer transaction and, as a result, the Court lacks subject-matter jurisdiction and the Complaint fails to state a plausible KCPA claim. Those motions remain pending. On December 2, 2025, the Court entered a scheduling setting the motion to amend deadline for January 27, 2026. *See* Doc. 32. The present motion to amend was timely filed on January 26, 2026. *See* Doc. 53. The proposed First Amended Complaint asserts the following causes of action:[2]

1. Violations of the Kansas Consumer Protection Act (KCPA) against both Defendants, based on allegedly deceptive and unconscionable acts in connection with debt-collection activities.

2. Negligence/Negligence Per Se against both Defendants, alleging that they failed to exercise reasonable care in verifying the identity of the debtor and the validity of the alleged debt.

3. Abuse of Process against both Defendants, premised on the alleged misuse of judicial process to extract payment from an individual they lacked probable cause to sue.

4. Malicious Prosecution against both Defendants, alleging that the underlying collection action was initiated without probable cause.

5. Violations of the Fair Debt Collection Practices Act (FDCPA) against Butler only, including claims for false representations, failure to validate a disputed debt, and continuing collection activity after receiving notice that Plaintiff was not the debtor.

6. Declaratory and Injunctive Relief against both Defendants, seeking a declaration that Plaintiff does not owe the alleged debt and an injunction barring future collection attempts relating to it.

The proposed amendment expands the factual allegations underlying Plaintiff's existing claims and incorporates information disclosed after the Complaint was filed. In particular, the proposed amended complaint incorporates information concerning the nature of the underlying medical debt, the involvement of insurance coverage related to the automobile accident, and the

---

[2] Although Defendants argue that Plaintiff has added new claims in the proposed amended complaint, the causes of action asserted remain substantively the same as those pleaded in the original complaint. Defendants' contention that Plaintiff has added a new claim by pleading negligence per se is addressed below.

4

basis for the interest Defendants sought to collect. The amended pleading also provides greater detail regarding Defendants' post-notice conduct. It elaborates on Plaintiff's oral and written disputes, the identity-verification questions posed by Butler, the Social Security number mismatch, and Defendants' failure to respond to or meaningfully investigate the dispute before continuing the lawsuit.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend under Rule 15(a)(2) is committed to the Court's sound discretion. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).id

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010). The party opposing amendment bears the burden of demonstrating why leave should not be granted. *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

**III. Analysis**

Plaintiff's motion for leave to amend is governed by Rule 15(a)(2), which directs courts to freely give leave when justice so requires, guided by considerations such as timeliness, prejudice, bad faith, and futility. In opposing the motion, AAT and Butler devote little argument to those factors. Instead, both oppositions primarily challenge the form and tone of the proposed amended complaint under Rule 8, advance objections closely tied to Defendants' pending motions to dismiss, and request alternative relief in the form of a stay or the exclusion of certain allegations. To the extent Defendants do not address the Rule 15 factors, the Court treats those factors as uncontested. The Court nevertheless addresses each factor below.

**a. Defendants have not shown undue delay, bad faith, or undue prejudice.**

Neither Defendant argues that Plaintiff unduly delayed in seeking leave to amend or that the motion was filed for a dilatory purpose. Typically, denial is appropriate when the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Here, Plaintiff sought leave to amend before the deadline set forth in the scheduling order, and there is no unexplained or undue delay.

By extension, timeliness is closely related to undue prejudice. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). This is particularly significant because undue prejudice is the most important factor in the Rule 15 analysis and requires a showing that amendment would unfairly affect the nonmoving party's ability to prepare its case—for example, by introducing new issues late in the litigation, requiring significant additional discovery, or changing the litigation's nature in a way that cannot reasonably be addressed. *See id.* at 1207-08 ("Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.") (quoting *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 18, 5 L.Ed.2d 8 (1960)).

Here, Defendants do not identify any undue prejudice that would result from allowing

amendment. They do not contend that amendment would require significant additional discovery, alter the scope of the case in a way that affects trial preparation, or otherwise impair their ability to defend the action. Instead, both Defendants focus on the phrasing, tone, and factual detail included in the proposed amended complaint. Such objections do not constitute undue prejudice for purposes of Rule 15.

Defendants do not expressly argue that Plaintiff acted in bad faith or with an improper motive in seeking amendment, though their responses question the tone and purpose of certain allegations. In any event, bad faith under Rule 15 typically requires more than sharp disagreement over the merits; it generally involves evidence that the amendment is sought for an improper purpose, such as to harass, to gain an unfair tactical advantage, or to needlessly increase the cost of litigation. *See Julian v. Clearlink Ins. Agency, LLC*, No. 24-2293-KHV-RES, 2024 WL 4903804, at *3-4 (D. Kan. Nov. 26, 2024). "The burden to establish bad faith rests with the party opposing the motion to amend." *Id.* Here, the proposed amendment expands upon factual allegations already at issue and incorporates information disclosed after the filing of the original complaint. The record does not support an inference of bad faith. The Court therefore declines to deny amendment on bad-faith grounds. The only remaining basis on which Defendants seek denial is futility.

### b. Plaintiff's proposed claims are not clearly futile.

Defendants argue that (1) Plaintiff improperly adds a negligence-per-se theory and that (2) the theory fails as a matter of law because it relies on FDCPA provisions that either do not apply to AAT or provide an exclusive remedial scheme as to Butler.[3] A proposed amendment is futile only if

---

[3] Under Kansas law, negligence per se is not an independent cause of action, but rather a theory by which a plaintiff may establish the duty and breach elements of a negligence claim by reference to a statute or regulation. *See Cullip ex rel. Pitts v. Domann ex rel. Domann*, 266 Kan. 550, 555-56, 972 P.2d 776 (1999) (treating negligence per se as a theory of liability within a negligence claim, requiring proof of a statutory violation, causation, and legislative intent to create a private right of action); *Pullen v. West*, 278 Kan. 183, 194-95, 92 P.3d 584 (2004) (same).

the pleading, as amended, would be subject to dismissal under Rule 12(b)(6). *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Under that standard, the court asks whether the amended complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

As to Plaintiff's purported negligence per se claim, Defendants argue that Plaintiff improperly adds a new claim and that the theory fails as a matter of law—AAT because the FDCPA does not apply to it, and Butler because the FDCPA provides its own remedial scheme. These arguments turn on statutory interpretation and the scope of Defendants' potential liability. They also substantially overlap with issues raised in Defendants' pending motions to dismiss. Where futility arguments depend on close legal questions or mirror arguments raised in dispositive motions, courts in this District routinely decline to resolve those issues at the amendment stage. *See Prater v. Johnson Cnty. Cmty. Coll.*, No. 23-2572-EFM-TJJ, 2024 WL 3043158, at *3 (D. Kan. June 18, 2024); *McMahon v. PetroChoice Dynamo, LLC*, No. 21-1002-DDC, 2021 WL 1663981, at *2 (D. Kan. Apr. 28, 2021) (declining to consider arguments on a motion to amend that overlap with issues raised in a pending motion to dismiss); *cf. Gilmore v. Beveridge*, No. 22-2032-HLT-RES, 2022 WL 1102641, at *4 (D. Kan. Apr. 13, 2022) ("Courts have declined to find futility based on arguments that overlap with a pending dispositive motion, or where the issue is better resolved through dispositive motion briefing.").

At this stage, the Court declines to parse the proposed amended complaint claim by claim. Defendants do not contend that the amendment is futile in its entirety, and the Court is not persuaded that any partial futility arguments warrant denying leave to amend. Allowing the

8

amendment to proceed avoids piecemeal adjudication and permits any challenges to the amended pleading to be addressed in a more efficient manner.

Butler further argues that Plaintiff's amended FDCPA allegations in Count V rely on statutory provisions not expressly identified in the original complaint and therefore constitute new claims. *See* Doc. 58, at 5. Whether those allegations permissibly elaborate on existing claims or materially alter their scope likewise presents an argument more appropriately addressed through Rule 12 motion practice after amendment. *See Prater*, 2024 WL 3043158, at *3.

In any case, Defendants have not shown that Plaintiff's proposed amendments are clearly futile. Defendants' futility arguments depend on statutory interpretation and the scope of liability, not on a facial inability to plead facts. Accordingly, Defendants have not met the "high bar" required to establish futility at the Rule 15 stage. *See Stewart v. Dominicis*, No. 24-3058-JWB-ADM, 2025 WL 3511078, at *3 (D. Kan. Dec. 8, 2025). To be clear, the undersigned is not deciding whether the amended claims against the Defendants would ultimately survive a subsequent challenge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that Defendants have not met the "high bar" of establishing that the amendments are clearly futile. *See Stewart*, 2025 WL 3511078, at *3.

In the end, the Court is mindful of Rule 15's directive to freely give leave to amend when justice so requires. Defendants have not met their burden to show undue delay, undue prejudice, bad faith, or futility.

### c. Defendants' alternative requests for relief are denied.

In the alternative, Defendants ask the Court to stay Plaintiff's motion for leave to amend pending resolution of the motions to dismiss, or to bar or strike certain allegations they characterize

9

as inflammatory, argumentative, or immaterial.  The Court declines both requests.  The pendency of motions to dismiss does not preclude amendment under Rule 15.  Courts often permit amendment while dispositive motions are pending, particularly where, as here, the motion to amend was timely filed and seeks to refine the pleadings at an early stage of the case.  *See, e.g.*, *McMahon, LLC*, 2021 WL 1663981, at *2 (declining to deny or stay amendment based on futility arguments that overlapped with a pending motion to dismiss); *Asebedo v. Kansas State Univ.*, No. 12-1373-EFM, 2013 WL 491969, at *1 (D. Kan. Feb. 8, 2013) (declining to stay ruling on motion to amend pending resolution of defendant's motion to dismiss).  Defendants have not identified any authority requiring a stay under these circumstances, nor have they shown that proceeding with amendment would result in inefficiency or prejudice.  Accordingly, a stay is not warranted.

Defendants also ask the Court to bar or strike certain allegations in the proposed amended complaint on the ground that they are inflammatory, argumentative, or immaterial.[4]  These objections do not provide a basis to deny leave to amend.  At the Rule 15 stage, the Court's role is not to police the phrasing of individual allegations or to determine whether particular language should be stricken or excluded.  The Court therefore declines to limit the content of the amended pleading.  Defendants' alternative requests for a stay or to bar portions of the proposed amended complaint are denied.  Accordingly, the Court grants Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Pleading, Doc. 53, is **GRANTED**.  Plaintiff is directed to file her amended complaint, in the same form

---

[4] Defendants' requests to bar or strike certain allegations are not construed as motions under Rule 12(f).  Defendants raise these arguments in responses to Plaintiff's motion for leave to amend, and they are framed as reasons to deny or limit amendment under Rule 15 rather than as independent motions to strike.  To the extent Defendants contend that the proposed allegations are inflammatory, harassing, or scandalous, the Court has considered those concerns in assessing whether Plaintiff acted in bad faith in seeking amendment.  Defendants remain free to raise appropriate challenges to the amended pleading through a motion to dismiss after amendment.  On the present record, and in the posture of a motion to amend, the Court sees no basis to strike the challenged allegations.

10

attached to the motion, by **February 18, 2026.**

**IT IS SO ORDERED.**

Dated February 12, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge